IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Thomas Pelzer a/k/a Thomas Lee Pelzer, )  C/A No. 2:10-cv-0914-RMG
)
Plaintiff, )
)
vs. )
) **ORDER**
Michael McCall, et. al., )
)
Defendants. )
)
)
)

## I. Background

Before the Court is Plaintiff's motion for preliminary injunction. (Dkt. No. 15). The current motion before the Court, pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., was referred to the Magistrate Judge for his Report and Recommendation. Upon his review, the Magistrate recommended denying the Plaintiff's motion for temporary injunction. (Dkt. No. 18). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report August 23, 2010. (Dkt. No. 26). As noted herein, this Court agrees with the Magistrate and Plaintiff's motion is denied.

## II. Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to

which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiffs' Objections, the court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff moved under Rule 65 to require Defendants, authorities with the South Carolina Department of Corrects, to provide an Albuterol inhaler for asthma, to provide proper dental treatment, and to prohibit a particular dentist from being assigned to care for him. (Dkt. No. 15). As detailed herein, the request for a preliminary injunction is denied.

As an initial matter, "[p]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A petitioner must make a clear showing that he is likely to succeed on the merits of

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for

his claim. *Winter*, 129 S.Ct. at 376; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S.Ct. at 374–76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the petitioner's favor. *See Real Truth*, 575 F.3d at 346-47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S.Ct. at 376-77).

By statute, the Prison Litigation Reform Act grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions; however,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a) (1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to

---

the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S.Ct. at 375-76.

render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id.* at 526.

After reviewing the record in this case, the court finds that Plaintiff has not demonstrated a clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief. Plaintiff has failed to offer any evidence that he suffers from asthma at this time. None of the medical records reference a complaint about asthma or treatment for asthma. Likewise, nothing has been presented to the Court evidencing that Plaintiff has not received proper dental care. Plaintiff also fails to demonstrate he will be irreparably harmed in the absence of relief.

The Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003). Even if Plaintiff could establish clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief, he has not shown that the balance of harm, assuming any, tips in his favor. *See Wetzel*, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, Plaintiff cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making. *Id.* at 290; *Real Truth*, 575 F.3d

at 347 (discussing the importance of the public interest requirement). Plaintiff's vague and conclusory statements are simply insufficient to warrant the extraordinary remedy of injunctive relief. As this order only rules on Plaintiff's motion for preliminary injunctive relief, the court does not reach the merits of Plaintiff's underlying suit at this time.

For these reasons, Plaintiff's motion for preliminary injunction (Dkt. No. 15) is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

Charleston, South Carolina
October 25, 2010